# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL A. FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-00028-WTL-WGH |
| | ) | |
| SUPERINTENDENT DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Michael A. Foster for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 13-09-0040. For the reasons explained in this entry, Foster's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On September 9, 2013, Officer J. Rector wrote a Report of Conduct in case WVE 13-09-0040 charging Foster with obstruction of justice. The conduct report states:

> On 09-09-13 at approx. 10:00 a.m. I, C/O. J. Rector and C/O J. Bennett were conducting a shakedown on cell 206 where offenders Foster, Michael #167531 and Laderson, Terry # 218756 reside. Offender Foster was standing at the entrance to the door when I instructed him to cuff up due to a shakedown. Foster turned, reached in his pocket and threw a black cellular device in the toilet and flushed it. As Foster threw the device in the toilet, I, C/O J. Rector, told Foster to stop and placed my hand on his shoulder. Foster jerked away and proceeded to flush the toilet as I secured him to the ground. Officer J. Bennett applied mechanical restraints to offender Foster. Both offenders were taken to the showers, stripped out and placed back in cell.

[Filing No. 10-1].

On September 10, 2013, Foster was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested as a witness C/O J. Rector. Foster also stated that he would bring an additional statement to the hearing. He requested as physical evidence the video from the camera that points into his cell. This request was denied because the video does not record inside the cells. [Filing No. 10-2].

The hearing officer conducted a disciplinary hearing in WVE 13-09-0040 on September 12, 2013, and found Foster guilty of the charge of obstruction of justice, A100. [Filing No. 10-3]. In making this determination, the hearing officer considered the conduct report, the offender's statement, and witness statements. The hearing officer imposed the following sanctions: a written reprimand, 30 day suspension of phone privileges, 90 day credit time deprivation, and the imposition of a suspended sentence of a demotion from credit class 1 to credit class 2. These

sanctions were imposed because of the seriousness of the offense, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 10-3].

Foster appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Foster is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) his right to present evidence was violated; 2) the evidence was insufficient to support a guilty finding; and 3) his right to an impartial hearing officer was violated. Foster received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, he was given the opportunity to appear before an impartial decision maker.

Foster's first claim is that he was denied due process because he was not provided with requested exculpatory evidence. Specifically, he requested as physical evidence the video from the camera that points into his cell. This request was denied because the video does not record inside the cells. [Filing No. 10-2]. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. An inmate does not have the right to evidence that does not exist. His due process rights were not violated by the denial of evidence that does not exist

As to Foster's second claim, the evidence favorable to the hearing officer's decision has already been described. The "some evidence" standard of *Hill* is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56. Stated differently, "[t]his standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* at 455 (quoting *United States ex*

*rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "[O]nly evidence that was presented to the [hearing officer] is relevant to this analysis." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992). Foster states that the only evidence supporting his guilty is C/O J. Rector's statements. This is sufficient. The reporting officer saw Foster take a black cellular device out of his pocket and flush it down the toilet. [Filing No. 10-1]. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Finally, Foster's third claim is that he was denied an impartial decision maker because he was found guilty and denied the right to evidence. [Filing No. 1, at ECR p. 3]. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Wolff*, at 570–71; *see also Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) (per curiam); *Redding v. Fairman*, 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Federal courts employ an initial presumption that discipline hearing officers properly discharge their duties. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong*, 517 U.S. 456, 464 (1996). Foster supports this claim by arguing that the guilty finding and the denial of evidence that does not exist equates to the denial of an impartial hearing officer. Notably, Foster does not claim that the hearing officer

was actually partial or biased in any way. His argument is without merit. He has failed to rebut the presumption that the hearing officer in this case acted appropriately. *See, e.g., Bracy*, 520 U.S. at 909 (finding the presumption "soundly rebutted" where petitioner presented evidence to support his claim that the decision maker was biased in his particular case). He is not entitled to relief as to this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Foster's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/11/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael A. Foster
# 167531
Wabash Valley Correctional Facility
Electronic Service Participant
Court Only

Electronically registered counsel